**FILED**

JAN 2 9 2010

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Cecil Muhammed,

    Plaintiff,

    v.

U.S. Parole Commission et al.,

    Defendants.

Civil Action No.   **10 0177**

### MEMORANDUM OPINION

Plaintiff, a prisoner, has filed a pro se[1] complaint in the nature of mandamus and an application to proceed in forma pauperis. The Court will grant the application, and dismiss the complaint for mandamus for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The plaintiff filed a "writ of mandamus," asking this court to "issue a writ of mandamus against the U.S. Parole Commission to order the warden at the D.C. Jail to immediately release the petitioner for unlawful confinement in violation of his 5th, 8th, and 14th Amendment rights." Compl. at 1 (capitalization altered). Although the complaint is far from clear, it appears that plaintiff challenges the calculation of good time credits, *id.* at 5, and contends that the parole commission is acting in "the capacity of a 'dual sovereign'" insofar as its actions serve to increase the time the plaintiff serves in custody, *id.* at 3 (capitalization altered). The complaint

---

[1] The court notes that were the complaint not being dismissed, it would have been returned for clarification, as it is not clear whether the plaintiff intended to proceed pro se or with counsel. *See* Compl. at 6 (noting "Inmate Counsel Milton J. Taylor). A plaintiff in this court who wishes to proceed with counsel may do so only with counsel that is duly licensed and admitted to practice in this court.

3

also asserts "ex post facto violations because all indicted charges [were] tried together by one . . .
jury panel and not consecutive jury panels." *Id.* at 3-44.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary
circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only
"exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of
the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988) (internal
quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.,* 473 F.3d 345, 353 (D.C. Cir.
2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary
cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the
plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no
other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414
F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)).
With respect to the first two requirements, mandamus is available "only where the duty to be
performed is ministerial and the obligation to act peremptory and clearly defined. The law must
not only authorize the demanded action, but require it; the duty must be clear and indisputable."
*Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks
and citation omitted).

The remedy sought in this action — immediate release from incarceration pursuant to a
criminal sentence — is not a ministerial act that is peremptory and clearly defined that is due to
the plaintiff. Accordingly, this action for a writ of mandamus will be dismissed for failure to
state a claim for mandamus upon which relief may be granted.

-2-

A separate order accompanies this memorandum opinion.

Date:   Jan. 24, 2010

United States District Judge